**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Leonard Oliver, | ) | Cr. No. 5:11-453-MBS-1 |
|       Movant, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
|       Respondent. | ) | |

Leonard Oliver ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 5, 2011, a federal grand jury returned a six count indictment against Movant charging him with one count of possessing with intent to distribute and distribution of cocaine (Count 1), two counts of attempting to possess with the intent to distribute 500 grams or more of cocaine (Counts 2 and 3), and three counts of the use of a communication facility to facilitate commission of a felony under the Controlled Substances Act (Counts 4-6). ECF No 3. On May 20, 2011, the government filed an information pursuant to 21 U.S.C. § 851 to establish Movant's prior conviction in state court for possession with intent to distribute crack cocaine. ECF No. 30. On June 27, 2011, Movant pleaded guilty to Count 3 pursuant to a written plea agreement. *See* ECF Nos. 32 & 37. In the written plea agreement, Movant affirmed that he entered into the agreement as a matter of "free and voluntary choice, and not as a result of pressure or intimidation by any person." ECF No. 32 at 9, ¶ 14.

During his plea colloquy, Movant was placed under oath. He advised the court that he had

not taken any medication, drugs, or alcohol in the last 24 hours; that he was not then under the influence of any other medications, drugs, or alcohol; and that he was not aware of any physical, emotional, or nervous problems that would keep him from understanding what he was doing in court. ECF No. 56 at 11, 12, 15. Based on these answers, the court determined Movant to be competent to enter a guilty plea. *Id*. at 16. Movant further advised the court that he was satisfied with the manner in which his attorney had represented him, that he had spoken with his attorney for as often and for as long as he felt it was necessary, that he did not need more time to speak with his attorney, that he understood his conversations with his attorney, and that he was satisfied that his attorney had done everything he could or should have done to prepare for the plea hearing. *Id*. at 16-18. The court then discussed with Movant the sentencing process as well as Movant's right to a jury trial and the consequences of waiving that right. *Id*. at 22-24; 27-32. Movant indicated that he understood that he was facing a mandatory minimum sentence of ten years imprisonment and a maximum of life imprisonment. *Id*. at 33-34. Further, Movant denied that anyone threatened him, used force, or applied any other pressure or intimidation to get him to plead guilty. *Id.* at 42. Finally, Movant affirmed that he was pleading guilty of his own free will. *Id*.

     Prior to sentencing, Movant's counsel filed a motion for discovery on behalf of Movant and "made available to and thoroughly reviewed with [Movant]" all the discovery information provided by the government. ECF No. 65-1 at 1. A presentence investigation report was prepared in which Movant's Sentencing Guidelines range was calculated at 63 to 78 months imprisonment. ECF No. 45 at 19. Movant was subject to a statutory minimum term of imprisonment of 120 months. ECF No. 45 at 19. Movant's attorney submitted objections to the presentence investigation report. *See* ECF No. 45-3. At a sentencing hearing on September 29, 2011, the objections were withdrawn.

ECF No. 49. Movant indicated that he previously reviewed the report with his attorney and that he agreed with the decision to withdraw the objections to the report. ECF No. 55 at 2-3. The court sentenced Movant to the mandatory minimum sentence of 120-months imprisonment. ECF No. 49.

After the imposition of the sentence, the court explained that any notice of appeal must be filed within 14 days after the judgment became final. ECF No. 55 at 4-5. The court also explained that Movant agreed in his plea agreement to waive the right to contest his conviction or sentence in any direct appeal or other action, including via motion under 28 U.S. § 2255. *Id*. Movant advised the court that he understood the 14-day time limit to file and appeal and the waver contained in the plea agreement. *Id*. Judgment was entered on September 30, 2011. ECF No. 49. Movant's counsel states that Movant did not request than an appeal be filed. ECF No. 65-1 at 2.

Movant timely filed the within § 2255 motion on September 24, 2012. ECF Nos. 57 & 58. On November 23, 2012, the Government filed a response and a motion for summary judgment. ECF Nos. 65 & 66. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on November 26, 2012, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 67. Movant filed a reply to the Government's response on December 19, 2012. ECF No. 69. Movant filed a motion to amend or correct his § 2255 motion on May 7, 2013 (ECF No. 72) and a motion for a status update on his § 2255 motion on October 3, 2014 (ECF No. 78). The motion to amend, ECF No. 72, is hereby granted. The court considered Movant's additional arguments in the preparation of this order.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to

judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

## III.  DISCUSSION

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).

Defendant contends that his trial counsel was constitutionally ineffective in the following

4

three respects: 1) trial counsel failed to investigate the case and "coerced" Movant into pleading guilty; 2) trial counsel failed to "file substantive objections to the pre-sentence investigation report;" and 3) trial counsel failed to file a notice of appeal even after being requested to do so by Movant. *See generally* ECF No. 57-1.

To prove ineffective assistance of counsel, a movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. A movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. *Strickland* requires a movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694. In order to satisfy the prejudice requirement of *Strickland* in a guilty plea context, such as this one, the movant must show that there is a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *see also Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

With respect to a consideration of the two-pronged test of deficiency and prejudice outlined in *Strickland*, an evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. *See United States v. Witherspoon*, 231 F.3d

923, 925-27 (4th Cir. 2000). *See also United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) ("When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary."). However, "no [evidentiary] hearing is required if the [movant's] allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Jackson v. United States*, 638 F. Supp. 2d 514, 528 (W.D.N.C. 2009) (internal quotations omitted). Whether an evidentiary hearing is necessary, and whether a movant's presence is required, is left to "the common sense and sound discretion" of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

Movant's claims that he was coerced into pleading guilty. In determining whether Movant was coerced into pleading guilty, the court must consider whether his will was so "overborne" that "his capacity for self-determination [was] critically impaired." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961) (explaining the meaning of voluntariness in the context of coerced statements to law enforcement). At no time during the plea colloquy at issue in this case did Movant ever indicate that he needed more time to review his discovery information or more time to consult with his attorney. Movant indicated that he understood the sentencing procedures and the consequences of his guilty plea. Further, Movant denied that he had been threatened or pressured in any way and affirmed that he was pleading guilty of his own free will. These sworn statements contradict the allegation of coercion Movant makes in his § 2255 motion. "[A]llegations in a § 2255 motion that directly contradict the [movant's] sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Therefore, "in the absence of

6

extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221-22. Based on the record before it, the court cannot conclude that Movant was coerced into pleading guilty. Movant's first claimed ground for relief is without merit.

With respect to Movant's second ground for relief, that counsel was ineffective for failing to file substantive objections to the presentence investigation report, Movant cannot demonstrate prejudice. Based on his plea of guilty to Count 3 of the indictment, Movant was subject to a statutory mandatory minimum sentence of 120 months imprisonment. Even if counsel had made successful objections to the presentence report, Movant would nevertheless still be subject to the statutory minimum, notwithstanding any lower range recommended by the Guidelines. *See United States v. Robinson*, 404 F.3d 850, 862 (4th Cir. 2005) ("judges cannot depart below a statutorily provided minimum sentence"); *see also Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999) (movants seeking relief for ineffective assistance of counsel during sentencing must demonstrate a reasonable probability that the sentence would have been more lenient but for counsel's errors). Because the court sentenced Movant to the mandatory minimum sentence, Movant cannot demonstrate that he suffered prejudice because of counsel's alleged failure to object to the presentence investigation report. Therefore, the court concludes that Movant's second claimed ground for relief is without merit.

However, after considering the record, the court finds that an evidentiary hearing is warranted with respect to Movant's third ground for relief due to existing issues of fact and credibility. In Movant's counsel's affidavit, counsel indicates that Movant "did not request that I

file an appeal." ECF No. 65-1 at 2. Movant, however, contends that "counsel refused to appeal and failed to meaningfully consult with [Movant]" about an appeal. ECF No. 77-1 at 12. The government acknowledges that there is a factual dispute in this case and requests that the court schedule an evidentiary hearing to "determine whether [Movant] actually requested that his counsel file an appeal." ECF No. 65 at 11.

When there is a factual dispute as to whether an attorney consulted with his client about an appeal, or refused to file notice of an appeal after being asked to do so by the client, the court must hold an evidentiary hearing on the factual claims at issue. *See Becton v. Barnett*, 920 F.2d 1190, 1194-95 (4th Cir. 1990). Accordingly, because the court finds that there is a genuine issue of material fact as to whether Movant requested that his attorney file an appeal, the court will hold an evidentiary hearing in accordance with Rule 8 of the Rules Governing § 2255 Proceedings with respect to ground three.

## IV. CONCLUSION

For these reasons, the Government's motion for summary judgment is **GRANTED** except as to Movant's third ground for relief, that is, whether Movant's trial counsel was ineffective in failing to file a notice of appeal. The court holds Movant's third ground for relief in abeyance pending an evidentiary hearing. Counsel will be appointed for this hearing under 18 U.S.C. § 3006A, as provided by Rule 8, unless Movant elects to obtain his own counsel. Movant must inform the court if he elects to obtain his own counsel within thirty (30) days from the date of this order. If the court does not receive this notice from Movant, the court will appoint counsel under 18 U.S.C. § 3006A. Any appointment of counsel will be limited solely to the evidentiary hearing addressing Movant's third ground for relief. Movant is directed to bring to this hearing any and all supporting

documentation he has in his possession regarding this issue.  A notice of hearing will be issued from the Office of the Clerk of Court.  Movant's motion for a status update, ECF No. 78, is **DENIED** as moot.

    **IT IS SO ORDERED.**

                                            s/ Margaret B. Seymour
                                            Margaret B. Seymour
                                            Senior United States District Judge

Columbia, South Carolina
October 29, 2014