**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Leonard Oliver, ) | |
| ) | Criminal Action No. 5:11-cr-453-MBS |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Leonard Oliver, proceeding *pro se*, filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 on September 24, 2012. ECF No. 57. Respondent United States of America filed a motion for summary judgment on November 23, 2012. ECF No. 66. On October 29, 2014, the court issued an opinion and order granting summary judgment in favor of Respondent as to two of the three grounds for relief raised by Movant but holding a third in abeyance pending an evidentiary hearing. ECF No. 79. The court declined to issue a certificate of appealability. *Id*. This matter now is before the court on Movant's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), filed November 14, 2014. ECF No. 83.

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill.), *aff'd*, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that mere

disagreement with the court's ruling does not warrant a Rule 59(e) motion. *Id.* (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Movant first asserts that the court improperly denied relief to Movant's allegations that his trial counsel "provided erroneous legal advice that coerced his guilty plea." ECF No. 83 at 3.

Movant pleaded guilty to Count 3 of the indictment. Count 3 of the indictment charges that "on or about March 25, 2011 . . . Leonard Oliver, knowingly, intentionally, and unlawfully did attempt to possess with intent to distribute 500 grams or more of cocaine . . .in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B); [a]ll in violation of Title 21, United States Code, Section 846." ECF No. 3. Section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846.

Movant alleges that his trial counsel did not provide competent advice to Movant with regard to possible defenses to a charge of conspiracy to violate the drug laws. However, Movant was not charged with conspiracy to commit a controlled substance offence. He was charged with attempting to commit a controlled substance offense. The Government outlined the elements of the charged offense in the plea agreement. ECF No. 35 at 2-3. Further, the court outlined the elements of the charged offense at the plea hearing. ECF No. 56 at 33-34. On both occasions the elements recited were those of attempt and not of conspiracy. Movant affirmed to the court that he understood what he was being charged with. *Id.* at 34. Counsel was not, therefore, ineffective for failing to advise Movant of potential defenses to the non-charged crime of conspiracy.

Movant also argues that he was improperly subjected to increased penalties on the basis of

a prior conviction and directs the court to *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). ECF No. 83 at 6. The Government asserts that this issue is barred as a result of the waiver contained in the plea agreement. ECF No. 65 at 12; *see also* ECF No. 35 at 9, ¶ 15 (amended plea agreement) ("[T]he Defendant, in exchange for the concession made by the Government in the Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct."). Such a waiver, provided it was knowing and voluntary, is permissible. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). In its Order and Opinion of October 29, 2014, the court concluded that the voluntariness of Movant's plea, including the waiver provision, was established at his Rule 11 colloquy. ECF No. 79 at 6-7. The court finds that this issue is barred by the waiver contained in the plea agreement.

Movant has not established grounds for relief under Rule 59(e). Movant's motion for reconsideration (ECF No. 83) is **denied**.

### Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a

certificate of appealability.

**IT IS SO ORDERED**.

  s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

December 17, 2014.  
Columbia, South Carolina