**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Leonard Oliver, | ) | Cr. No. 5:11-453-MBS-1 |
| | ) | |
| Movant, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Leonard Oliver ("Movant"), a prisoner proceeding *pro se*, moves to compel the Government to file a motion pursuant to Fed. R. Crim. P. 35(b). For the following reasons, the motion is denied.

On April 5, 2011, a federal grand jury returned a six count indictment against Movant charging him with one count of possessing with intent to distribute and distribution of cocaine (Count 1), two counts of attempting to possess with the intent to distribute 500 grams or more of cocaine (Counts 2 and 3), and three counts of the use of a communication facility to facilitate commission of a felony under the Controlled Substances Act (Counts 4-6). ECF No 3. On May 20, 2011, the government filed an information pursuant to 21 U.S.C. § 851 to establish Movant's prior conviction in state court for possession with intent to distribute crack cocaine. ECF No. 30.

On June 27, 2011, Movant pleaded guilty to Count 3 pursuant to a written plea agreement. *See* ECF Nos. 32 & 37. The plea agreement contains several provisions relevant to the within motion. The agreement required Movant to "testify fully and truthfully . . . at any trial or other proceeding if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of [Movant] to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement

1

to become null and void." *Id*. at 5, ¶ 8. The plea agreement made the obligations of the Government "expressly contingent upon [Movant's] abiding by federal and state laws . . . ," including of course laws prohibiting perjury. *Id*. at 4, ¶ 6. Movant agreed to cooperate with the Government. *Id.* at 4-5 ¶¶ 8-9. If Movant failed to comply with any provision of the plea agreement, "either express or implied," the Government had "the right, at its sole election to void all of its obligations under this Agreement. . . ." *Id*. at 4, ¶ 7. On September 29, 2011, the court sentenced Movant to the mandatory minimum sentence of 120-months imprisonment. ECF No. 49.

Movant timely filed a § 2255 motion on September 24, 2012. ECF Nos. 57 & 58. On November 23, 2012, the Government filed a response and a motion for summary judgment. ECF Nos. 65 & 66. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on November 26, 2012, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 67. Movant filed a reply to the Government's response on December 19, 2012. ECF No. 69. The court issued an order on October 29, 2014, granting summary judgment to the Government on all but one of the grounds raised by Movant in his § 2255 motion. ECF No. 79. The court scheduled an evidentiary hearing to determine whether Movant asked that his trial counsel file an appeal. *Id*.

On November 14, 2014, Movant made the within motion to compel the Government to file a motion for a reduction of sentence pursuant to Fed. R. Crim. P. 35(b). ECF No. 85. On March 26, 2015, the court held an evidentiary hearing on Movant's § 2255 motion. ECF No. 93. At the evidentiary hearing, Movant's trial counsel testified that Movant never asked him to file an appeal, that Movant wrote multiple times to trial counsel after sentencing but never requested an update about the status of his appeal, and that trial counsel was currently engaged in litigation with

Movant's girlfriend over fees due to trial counsel for his representation of Movant. Movant also testified at the evidentiary hearing. Movant testified that he had in fact asked his trial counsel to appeal. The court found trial counsel to be more credible than Movant. The court denied Movant's petition for relief under § 2255, necessarily determining that Movant failed to be fully truthful and forthright when he testified that he requested that his trial counsel file an appeal. *See* ECF No. 94.

The Government responded to Movant's motion to compel a motion under Fed. R. Crim. P. 35(b) on April 9, 2015. ECF No. 96. The Government argues that by failing to testify truthfully at the evidentiary hearing held on Movant's § 2255 petition, Movant breached the plea agreement and, therefore, relieved the Government of its obligations under the plea agreement. The court agrees. In failing to testify fully and forthrightly about whether he asked his trial counsel to file an appeal, Movant breached paragraph eight of his plea agreement. This breach "cause[s] the obligations of the Government within this Agreement to become null and void." ECF No. 32 at ¶ 8. *See also United States v. Wakefield*, 112 F. App'x 257, 259 (4th Cir. 2004) (finding that the Government was not obligated to file a 35(b) motion where the defendant had not been fully truthful, evidenced by Defendant's failure of a polygraph examination); *United States v. Saunders*, 226 F. Supp. 2d 796, 803 (E.D. Va. 2002) *aff'd* 55 F. App'x 694 (4th Cir. 2003) (finding that the Government was not obligated to file a 35(b) motion where the defendant did not provide complete and truthful cooperation). The court concludes that the Government is not now under any obligation to file a Rule 35(b) motion in this case.

Movant's motion to compel the Government to make a motion pursuant to Fed. R. Civ. P. 35(b) (ECF No. 85) is **denied with prejudice.**

**IT IS SO ORDERED.**

  s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

May 5, 2015
Columbia, South Carolina

4